*For Official Use*

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN**

Ricky J. Rosplock

        Plaintiff,

  v.

                      Case No. 3:25-CV-462

Kyle Pleet, as an individual

        Defendant.

**COMPLAINT**

Plaintiff, Ricky Rosplock, by and through his attorney, Oren Jakobson of Community Law S.C., complains as follows against Defendant Kyle Pleet in his individual capacity:

## I.    FACTS

1. On June 9th, 2022, at a home in Port Edwards, Wisconsin, a Noise Flash Distraction Device (NFDD) was fired directly next to Plaintiff Ricky J. Rosplock's ear, a riot shotgun was held up to his head, and he was punched in the back after he was already pinned down on the floor.

2. At approximately 4:45 a.m. a no-knock search warrant was conducted by members of the Wood County Special Response Team (SRT) and Central Wisconsin Drug Task Force on the property of 371 1st Street, Apartment 4 in the Village of Port Edwards, Wood County, Wisconsin. Defendant, Kyle Pleet, participated in the search as an Investigator Sergeant for the Wood County Sheriff's Department.

3. At all times relevant to this Complaint, Defendant Kyle Pleet acted under color of state law.

4. 371 1st Street Apartment 4 was Joanna Pillsberry's leased apartment. Joanna Pillsberry had given the Plaintiff permission to stay there.

5. After two NFDD's were set off outside the front door of the Apartment, entry was made by members of the Wood County SRT and the Central Wisconsin Drug Task Force. Officers broke down the front doorway and entered the residence. The Plaintiff was awakened by the sound of the two NFDD's and the door being kicked in. The Plaintiff got out of bed and put on a pair of boxers.

6. The Wood County SRT had secured one female in the living room, two males in the east bedroom, and a third male in the bathroom. All subjects were then placed in hand constraints and secured by SRT. The Plaintiff remained in the western bedroom.

7. Investigator Sergeant Matthews and Defendant, Investigator Sergeant Pleet, kicked in the western bedroom door. The Plaintiff remained by his bedside as the two officers tackled him onto the bed. Both Sergeant Matthews and the Defendant physically held the Plaintiff down.

8. While Plaintiff was physically restrained on his bed by Sergeant Matthews, the Defendant placed the barrel of his riot shotgun just inches from the Plaintiff's head. While on top of the Plaintiff, the Defendant then used a third NFDD directly next to the Plaintiff's ear, causing the Plaintiff to roll off the side of the bed onto the floor.

9. The Plaintiff was pinned down to the floor on his stomach, with officers pulling his arms behind his back. While Sergeant Matthews physically restrained the Plaintiff, the Defendant punched the Plaintiff in the lower back.

10. Ricky J. Ropslock was subjected to an unconstitutional use of excessive force through the Defendant's use of a third NFDD next to the Plaintiffs' ear, the holding of the riot shotgun next to the Plaintiff's face, and the Defendant's punch to the Plaintiffs' lower back after Plaintiff was already restrained. The Plaintiff now seeks damages.

## II.    JURISDICTION AND VENUE

11. This complaint seeks remedies pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth Amendment to the Constitution of the United States of America. This Court has jurisdiction over the federal questions at issue pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Western District of Wisconsin.

## III.    THE PARTIES

13. Plaintiff, Ricky J. Rosplock, was at all relevant times and remains a resident of the State of Wisconsin.

14. Defendant, Kyle Pleet, is a citizen of the State of Wisconsin and was at all relevant times an agent and employee of the Wood County Sheriff's Department, operating under the color of state law.

## IV.    ACTION

### 42 U.S.C. § 1983: Claim for Use of Excessive Force

15. Plaintiff, Mr. Rosplock, incorporates the preceding paragraphs as if fully set forth herein.

16. Defendant, Pleet, under color of law and within the scope of his employment with the Wood County Sheriff's Department, deprived Mr. Rosplock of his constitutional rights through the use of excessive force in one or more of the following ways:

a. While Mr. Rosplock was restrained on his bed by Sergeant Matthews, Defendant held a riot shotgun inches from Mr. Rosplock, deliberately holding the barrel of the gun up against his head;

b. Defendant used an NFDD directly next to Mr. Rosplock's right ear; and

c. After pinning Mr. Rosplock to the floor, the Defendant punched Mr. Rosplock's lower back.

17. As a direct and proximate cause of the Defendant's misconduct:

a. Mr. Rosplock experienced pain, suffering, physical injury, and emotional distress of the following kind:

    i. Mr. Rosplock is no longer able to hear out of his right ear without a hearing aid, the same ear that the Defendant set off an NFDD next to.

    ii. Mr. Rosplock suffered continuing back issues related to the punches thrown by the Defendant for at least six months.

    iii. Mr. Rosplock has experienced and continues to experience severe emotional distress due to the actions of the defendant.

b. Mr. Rosplock has lost considerable amounts of income through his inability to work due to his injuries.

c. Mr. Rosplock continues to suffer past and future damages, both compensatory and general.

d. Mr. Rosplock has incurred the cost of medical bills stemming from the injuries caused by the Defendant for continuing medical visits and treatment of his ears, particularly his right ear.

18. The Defendant acted with the intent to inflict emotional distress or acted recklessly when it was certain or substantially certain that emotional distress would result from his conduct.

19. The actions of the Defendant were carried out with a conscious, reckless, and outrageous indifference to the health, safety, and welfare of Mr. Rosplock, thereby justifying an award of punitive damages to the fullest extent permitted by law.

    a. Because the Defendant's actions involved "reckless or callous disregard of, or indifference to, the rights or safety of others" punitive or exemplary damages, in addition to actual damages, may be assessed. *Smith v. Wade*, 461 U.S. 30, 33, 103 S. Ct. 1625, 1628 (1983).

20. The Defendant's actions were unnecessary, unreasonable, unlawful, and unjustified. No reasonable officer, including a police sergeant, would have believed that such conduct was lawful at the relevant times.

**V.    PRAYER FOR RELIEF**

Plaintiff, Ricky Rosplock, requests the following relief from the court:

(a) Compensatory damages against the Defendant in an amount determined by a jury;

(b) Punitive damages against the Defendant in an amount determined by a jury;

(c) Attorneys' fees as allowable by the law and as ordered by the Court;

(d) Reasonable costs; and

(e) Such other relief that the Court deems just and equitable.

**VI.    JURY DEMAND**

Plaintiff, Ricky J. Rosplock, demands a trial by jury of all claims made herein.

Dated June 3, 2025

Electronically signed by,

Oren Jakobson

State Bar No. 1107007

Community Law S.C.

114 Kings Street suite 200

Madison, WI 53703

(715) 255-0099

oren.jakobson@communitylaw.coop

Attorney for Plaintiff