IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY J. ROSPLOCK,

Plaintiff,

v.

KYLE PLEET,

Defendant.

OPINION AND ORDER

25-cv-462-wmc

---

In this case set for a jury trial on November 2, 2026, plaintiff Ricky Rosplock claims that Investigator Kyle Pleet violated his Fourth Amendment rights by using excessive force while arresting him. This opinion and order addresses the parties' motions in limine in advance of the final pretrial conference ("FPTC") scheduled for October 27, 2026, at 2:30 p.m.

OPINION

## A. Plaintiff's Omnibus MIL (dkt. #29)

### 1. Exclude Prior Criminal Convictions

Plaintiff's first motion in limine seeks to preclude defendant from introducing evidence of his prior convictions at trial, while defendant's first motion (dkt. #25) seeks to introduce 12 prior felony drug convictions. Generally, under Federal Rule of Evidence 609(a)(1), unless unduly prejudicial under Rule 403, evidence of previous convictions may be admitted for the limited purpose of impeaching a witness's character for truthfulness in a civil case, but only if: the offense was punishable by imprisonment for more than one

year; and more than 10 years has not passed since the conviction or witness's release from confinement for it, whichever is longer. A prior conviction for which the witness has been released from confinement more than 10 years ago is not admissible unless: (1) its probative value substantially outweighs its prejudicial effect; and (2) reasonable, written notice of the intent to use it has been provided to the opposing party. Fed. R. Civ. P. 609(b)(1)-(2).

Here, all the convictions identified by defendant (dkt. #25) are felonies punishable by imprisonment for more than one year and less than 10 years old. Accordingly, plaintiff's motion is DENIED and defendant's is GRANTED IN PART and DENIED IN PART. This court's practice has been to exclude the details of past convictions not implicating their honesty (e.g., fraud, perjury, etc.), particularly in prisoner civil rights cases, because those details tend to impugn the witness's general character, rather than character for honesty, making a witness seem dangerous, unlawful or unsavory to the jury. *Sodemann v. Melnick*, No. 22-CV-374-WMC, 2026 WL 923084, at *6 (W.D. Wis. Apr. 2, 2026). However, the court generally permits introduction of the fact and number of felony convictions. Thus, defendant may ask plaintiff whether he has been convicted of 12 felonies within the last 10 years. Unless plaintiff denies this, defendant may not introduce further details about those convictions.

**2. Exclude Uncharged Misconduct, Prior Police Contacts, and Allegations Unknown to Defendant at the Scene**

Plaintiff also seeks to preclude defendant from introducing any *uncharged* misconduct, prior police contacts or allegations unless known to defendant at the time of

plaintiff's arrest. However, it is well established that "the knowledge of the officer is a critical inquiry in any assessment of reasonable force." *Burton v. City of Zion*, 901 F.3d 772, 777 (7th Cir. 2018). Thus, so long as defendant knew about the prior misconduct and police contacts -- and that information could be relevant to the threat an objective officer would reasonably perceive and the amount of force he reasonably needed to employ -- the evidence is admissible. For example, if defendant received information about possible weapons on the property, that information could be highly relevant to his use of force. Unfortunately, plaintiff does not identify what evidence he is seeking to preclude, and defendant has not proffered what evidence, if any, he might seek to introduce. Without details about the relevance and potential for unfair prejudice of the evidence in dispute, therefore, the court cannot make a definitive ruling on this motion. Thus, the court will RESERVE on this motion, and both parties should be prepared to make a proffer at the FPTC regarding specific evidence that should be precluded or permitted under the general standards outlined above.

### 3. Exclude Unsworn Hearsay and Anonymous and Uncorroborated Informant Tips

Plaintiff next moves to exclude as inadmissible hearsay or otherwise unauthenticated statements all out-of-court statements, anonymous tips and unsworn confidential statements by informants. As explained above, information known and communicated to defendant before or at the time of plaintiff's arrest *may* be highly relevant to an objective officer's use of force, including credible reports from a confidential informant that plaintiff possesses a firearm. Further, if introduced as evidence of an

objective officer's state of mind, it would not be offered for the truth of the matter asserted and would not be hearsay under Fed. R. Evid. 801(c)(2). Thus, this motion seeking a blanket preclusion of such evidence is DENIED, with the caveat that the court RESERVES as to specific proffers each side should be prepared to make at the FPTC regarding specific evidence that should be precluded or permitted under the general standards outlined above.

**4. Exclude Undisclosed Evidence or Non-disclosed Physical Exhibits under Fed. R. Civ. P. 37(c)(1)**

This motion is GRANTED as unopposed and applies to both parties.

**5. Preclude Argument, Inference or Testimony that Plaintiff was a Dangerous Subject Based on Drug Allegations, Informant Tips or Internal Police Flagging Systems**

Plaintiff moves to preclude defendant from arguing, inferring or testifying before the jury that plaintiff was an "unusually dangerous suspect," or that Noise Flash Distraction Device ("NFDD") deployment was reasonable based on his suspected drug activity, internal police weapons caution tags, or unverified background rumors of firearm access. This motion is GRANTED IN PART and DENIED IN PART. As defendant concedes, he may not argue or infer that drug activity automatically establishes dangerousness or justifies deployment of an NFDD. (Dkt. #48, at 6.) However, defendant may present evidence as to what he knew concerning potential weapons and other risks, as well as how that information impacted his assessment of the dangerousness of the situation. The jury will then apply the applicable jury instructions to determine whether

the manner and deployment of force was consistent with that of a reasonably objective officer under similar circumstances.

### 6. Preclude Arguments Regarding Qualified Immunity to the Jury

This motion is GRANTED as unopposed.

## B. Plaintiff's Motion for Leave to Introduce Expert Testimony of Tammi Wisniewski (dkt. #17)

Plaintiff did not disclose an expert on his hearing loss by his February 15, 2026, deadline. However, on May 18, 2026, defendant served his own timely Rule 26 expert disclosure of James Jewell, opining that plaintiff was unlikely to have sustained an inner-ear injury from the deployment of a NFDD because his tympanic membrane (eardrum) did not rupture. Defendant also served a "supplemental report" from Jewell on June 17, 2026, disclosing testing conducted on June 3, 2026, of a Model 2595 Muzzle Bang NFDD -- the same NFDD used during plaintiff's June 9, 2022 arrest.

On August 20, 2026, plaintiff served a rebuttal report by Tammi Wisniewski, a board-certified hearing specialist, BC-HIS, and LPN. While defendant objected to Wisniewski's report as untimely (dkt. #42), plaintiff now contends that the untimely report should be accepted because: his counsel worked diligently to find an expert earlier in the case, but was unable to do so until July, 2026; the late disclosure is harmless, defendant having received Wisniewski's report 74 days before trial; and "[d]efendant already has a retained expert, James Jewell, who is fully equipped to evaluate and advise

defense counsel on Ms. Wisniewski's report prior to trial." (Dkt. #17, at 7.) Plaintiff further represents that Wisniewski is available for a deposition at any time before trial.

Plaintiff's motion fails to address several problems with his untimely disclosure of what is essentially a rebuttal expert. First, Wisniewski's report includes several opinions that are not clearly responsive to the opinions offered by defendant's expert, Jewell. While Jewell opines that plaintiff was not likely to suffer hearing injuries from the flashbang device because it was not loud enough to rupture an eardrum (dkt. #43-2, at 3–4), Wisniewski's report offers opinions about plaintiff's audiograms and connecting those results to plaintiff's version of events. (Dkt. #33.) As plaintiff concedes, those are the types of opinions that he was already seeking an expert to address *before* defendant's disclosure of Jewell's expert reports. (Dkt. #17, at 2, ¶ 3.) Moreover, permitting Wisniewski to testify to a broad range of opinions would be unfairly prejudicial to defendant, who thought it unnecessary to disclose their own hearing expert after plaintiff failed to do so. Further, plaintiff's assertion that Jewell is qualified to respond to some of Wisniewski's opinions is unsupported, since his report identifies expertise in law-enforcement, tactical and distraction-devices. (Dkt. #43-2.) Those qualifications do not establish that he can respond to Wisniewski's opinions purporting to interpret plaintiff's audiograms.

Second, even if the court considered Wisniewski's report to be a rebuttal report, it would be untimely, as it was disclosed more than 30 days after Jewell's May report. Fed. R. Civ. P. 26(a)(2)(D)(ii) (rebuttal expert evidence must be disclosed within 30 days after the other party's disclosure). Plaintiff does not explain why he failed to request an

extension of the 30-day deadline as soon as he received Jewell's report and began searching for a rebuttal expert.

Third, plaintiff does not explain why he waited until September 22, 2026, *after the close of discovery*, for permission to file Wisniewski's untimely report. Plaintiff knew on August 20, 2026, that defendant opposed the late report (dkt. #17, at 9), and plaintiff even sought an extension of the discovery deadline to conduct a deposition of a different witness (dkt. #15.) Nonetheless, plaintiff did not seek to extend his expert rebuttal disclosure deadline or extend the discovery deadline so that Wisniewski could be deposed. Nor does he explain his failure to do so.[1]

On the other hand, even though plaintiff did not affirmatively move to exclude any of Jewell's opinions, the court is troubled by certain of Jewell's proffered opinions regarding plaintiff's claimed hearing injuries and "must serve as a gatekeeper to ensure that proffered expert testimony meets the requirements of Federal Rule of Evidence 702." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Jewell says his opinions are based on his experience as a former Defense and Arrest Tactics Instructor. (Dkt. #43-2, at 1.) However, he opines that due to the sound levels emitted by the flashbang device, which are "below the 185-decibel threshold generally associated with a risk of eardrum rupture," plaintiff "was unlikely to have sustained hearing injuries as a result of the deployment of the device." (*Id.* at 3–4.) However, Jewell does not appear to have the medical expertise to opine

[1] Even acknowledging that it may have been difficult to find an expert, this does not explain plaintiff's failure to seek relief from his deadlines.

regarding causation of hearing injuries. As Wisniewski's report explains, eardrum rupture is not the only cause of hearing loss, and decibels above approximately 140 can cause hearing loss. (Dkt. #33, at 3.) Because the purpose of trial is to discover the truth, the court will not permit Jewell's unsupported opinion regarding hearing loss to be presented to the jury without giving plaintiff the opportunity to respond.

For all these reasons, the court will GRANT IN PART and DENY IN PART plaintiff's request to present expert testimony from Wisniewski as follows: Wisniewski's opinions are excluded *unless* defendant's introduce Jewell's opinions regarding eardrum rupture and hearing injury; however, if defendant introduces such testimony, plaintiff may offer Wisniewski's testimony that directly rebuts those opinions by Jewell *provided* plaintiff makes Wisniewski available for a short (1 to 2 hour) deposition at a reasonable time, place and manner no later than October 26, 2026.

### C. Plaintiff's Request to Wear Civilian Clothes and No Visible Restraints (dkt. #65)

Plaintiff's request to appear in civilian clothing and wear nonvisible restraints at trial is GRANTED, with the following caveats: (1) plaintiff's counsel must arrange for civilian clothing to be delivered to the court no later than Thursday, October 29, so that it may be screened by the U.S. Marshal's Office; (2) the Wisconsin Department of Corrections' transporting officers must comply with U.S. Marshal policies regarding restraints in transporting plaintiff to the courthouse; and (3) the parties must contact the Wisconsin Department of Corrections regarding use of a stun belt or ankle restraint during

trial. In addition, the court will consider any input from the transporting officers regarding the appropriate level and form of restraints used on plaintiff during trial.

### D. Defendant's MILs

#### 1. Admit Plaintiff's Prior Convictions under Fed. R. Civ. Evid. 609 (dkt. #25)

This motion is GRANTED IN PART and DENIED IN PART for reasons set forth in resolving plaintiff's MIL #1 as set forth above.

#### 2. Preclude Plaintiff from Introducing or Using Documents Not Identified or Produced in Discovery (dkt. #34)

Plaintiff agrees that he will not introduce documents as evidence at trial that were not identified during discovery (dkt. #54, at 3), so this motion is GRANTED as unopposed. However, plaintiff goes on to say that he intends to testify about any matter within his personal knowledge, including matters that were asked about in defendant's interrogatory requests. It is not clear from plaintiff's response whether he intends to introduce information through his testimony that he has not previously provided to defendant but that would have been responsive to defendant's discovery requests. Such testimony would circumvent the purposes of discovery. Thus, any evidence that would have been responsive to interrogatories but was not included in plaintiff's responses is barred *unless* timely provided to defendant in some other form. If necessary, the parties should seek further guidance on this at the FPTC.

**3. Preclude Plaintiff from Presenting Evidence that Defendant may be Covered by Insurance (dkt. #35)**

This motion is GRANTED as unopposed and applies to both sides.

**4. Preclude Any Evidence of What Others Would Have Done Under the Same Circumstances (dkt. #36)**

Defendant moves to preclude any testimony or evidence regarding what others would or would not have done if confronted with the same circumstances. This motion is GRANTED IN PART and DENIED IN PART. Plaintiff may introduce testimony from the other officers present during plaintiff's arrest about what they observed and their actions. However, as plaintiff concedes (dkt. #54, at 5), he may not introduce *speculation* regarding the reasonableness of defendant's actions or whether defendant's actions amounted to excessive force. At the same time, plaintiff may introduce evidence as to the actions of other officers on the scene or under similar circumstances, law enforcement standards, and department policies and argue in closing as to whether defendant's conduct conflicts with the applicable "objective officer" reasonableness standard.

**5. Preclude Lay Medical Diagnosis and Causation Opinions (dkt. #37)**

Defendant agrees that plaintiff may testify about what he personally experienced during his arrest, what he can or cannot hear afterward, and how he now uses hearing aids. (Dkt. #37, at 1.) At the same time, defendant moves to preclude plaintiff and other lay witnesses from offering medical diagnoses, medical causation opinions, prognoses, or opinions about the medical necessity and future replacement of hearing aids. Specifically, defendant seeks to preclude plaintiff and other lay witnesses from diagnosing

"sensorineural hearing loss or acoustic trauma; interpret audiological findings; identify the medical cause of a hearing condition; determine whether hearing aids were medically necessary; or predict the course of the condition and need and cost of future replacements." (*Id*. at 2.) Defendant also seeks to preclude plaintiff from offering testimony from a treating provider by introducing an out-of-court clinician's assessment without testimony from that provider.

This motion is GRANTED IN PART and DENIED IN PART. Plaintiff may testify about his own experiences, symptoms, observations and information within his own personal knowledge, as well as offer proof of his out-of-pocket expenses and official diagnoses as provided to him by his medical providers. He may also testify about how his hearing loss after deployment of the NFDD has affected his life and ability to complete tasks. However, he may not testify about subjects that would require medical expertise or knowledge, including the cause of his hearing loss, the likely course of his loss, or whether and when he will need hearing aid replacements. If the parties need further clarification on this motion and distinctions in admissibility, they should seek it at the FPTC.

**6. Preclude Unrelated Misconduct Allegations (dkt. #38 & 40)**

This motion is GRANTED as unopposed.

**7. Reserve Qualified Immunity for the Court and Submit Disputed Historical Facts to the Jury (dkt. #41)**

Defendant requests that the court ask the jury to "resolve disputed historical facts" relevant to the qualified immunity analysis. The court will RESERVE on this motion. First, the very purpose of trial is to pose to the jury whether plaintiff has proven by a

preponderance of the evidence a violation of clearly established law. Thus, the burden of the court and parties is to articulate that law so the jury has considered and evaluated the disputed issues of fact relevant to that question. Second, even if specific, sub-facts are open to reasonable dispute, the court is concerned that presenting the jury with the twenty or more questions as proposed by defendant would distract from the jury's primary task of considering the defendant's actions under a totality of the circumstances. Even so, the court may consider asking the jury a set of narrow, limited fact questions depending on the evidence presented at trial, subject to defendant proposing five or less such questions for preliminary discussion in advance of the FPTC.

ORDER

IT IS ORDERED that plaintiff's and defendants' motions in limine are GRANTED, DENIED and RESERVED, in whole or in part, as set forth above.

Entered this 21st day of October 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge